**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONNY GENE CLAUNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1678-HE** |
| | ) | |
| **CODY HAMILTON, Warden** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Donny Gene Claunch, a state prisoner proceeding pro se, filed a Complaint alleging violations of his civil rights related to his prosecution and convictions for a 1979 rape and murder in the District Court of Garvin County, Oklahoma, in Case Nos. CRF-1979-262 and CRF-1979-285. Doc. 1. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice.

## I. Background

On July 13, 2026, the Court explained to Plaintiff that he needed to cure various deficiencies in his initiating documents. Doc. 5. Specifically:

1. The Court ordered Plaintiff to show cause in writing why the *Younger* abstention doctrine and *Heck v. Humphrey* do not apply to his Complaint.

2. The Court informed Plaintiff that his application to proceed in forma pauperis, Doc. 2, was missing required information, and ordered Plaintiff to file an amended application using the Court's approved form.

Doc. 5.

Plaintiff timely filed a response to the Court's order to show cause. Doc. 6. Though he did not timely file an amended application to proceed in forma pauperis, he stated he will do so once he obtains the required certified financial information. *Id.* at 3. Adoption of this Report and Recommendation would moot Plaintiff's pending application to proceed in forma pauperis. Doc. 2.

## II. <u>Discussion</u>

### A. *Younger* abstention doctrine

In his Complaint, Plaintiff indicates he currently has two matters pending in the District Court of Garvin County, listing case numbers MI-26-1(12) and MI-26-3(4). Doc. 1 at 4. The undersigned finds a petition for writ of habeas corpus pending in the Garvin County district court, Case No. WH-2026-1, filed on July 7, 2026.[1] The state petition alleges the same claims regarding Plaintiff's prosecution and conviction that he presents before this Court.

Because Plaintiff has a matter pending in state court on the same claims presented in the Complaint, the Court must abstain from exercising jurisdiction. Under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from the exercise of its jurisdiction "where such inaction is necessary to avoid undue interference

---

[1] The undersigned takes judicial notice of the state court dockets, located at www.oscn.net. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

with states' conduct of their own affairs." *Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989). *Younger* applies when the following three requirements are met:

> 1. there is an ongoing state criminal, civil, or administrative proceeding,
> 2. the state court provides an adequate forum to hear the claims raised in the federal complaint, and
> 3. the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

Here, (1) Plaintiff's petition is pending in the Garvin County district court; (2) he fails to demonstrate that the state proceeding is not an adequate forum to hear his claims; and (3) "Oklahoma's important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic," *Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005). As such, the undersigned informed Plaintiff that the *Younger* abstention doctrine appears to apply and ordered him to show cause why it does not. Doc. 5 at 2-3.

### *B. Heck v. Humphrey*

Under *Heck v. Humphrey*, a federal district court must consider whether a judgment in favor of a state prisoner's § 1983 claim would necessarily imply the invalidity of the plaintiff's conviction or sentence; if so, the complaint must be dismissed unless the conviction or sentence at issue has already been invalidated. 512 U.S. 477, 486-87 (1994);

*Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 520 (10th Cir. 2023). Plaintiff alleges he was prosecuted and convicted in violation of his constitutional rights to due process and equal protection. Doc. 1 at 2-4. These allegations, if true, would necessarily imply the invalidity of Plaintiff's conviction and sentence from more than four decades ago. Plaintiff, however, has not shown that his state conviction or sentence has already been invalidated. As such, the undersigned informed Plaintiff that his claims are likely barred and should be dismissed under *Heck*, and ordered him to show cause why they should not. Doc. 5 at 3.

**C. Plaintiff's response to the Court's order to show cause**

Plaintiff admits both the *Younger* abstention doctrine and *Heck* apply to his Complaint. Doc. 6 at 1. He also admits the state court provides an adequate forum. *Id.* Plaintiff argues, however, there are "extraordinary circumstances in his case" that render federal jurisdiction appropriate. *Id.* at 3. In rare instances, extraordinary circumstances can override both the *Younger* abstention doctrine and the limitation imposed by *Heck*. With respect to *Younger*, such instances are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). And as to *Heck*, the Tenth Circuit has recognized a very narrow and fact-specific exception available to a plaintiff "who has no available remedy in habeas, through no lack of diligence on his part." *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010). Plaintiff has not demonstrated any of these circumstances here.

### 1. *Younger*

Plaintiff asserts he "is unable to get a fair determination on his claims due to an unlawful procedural bar being applied to his filings under" Okla. Stat. tit. 22, § 1086. Doc. 6 at 1. He further asserts "this procedural bar was applied on the belief that Plaintiff had filed a second post-conviction application when the record is clear that this bar was actually applied to Plaintiff's 1st application for post-conviction relief." *Id.* at 1-2. Plaintiff then details various filings and state court rulings in 1988 and 1996. *Id.* at 2. He does not provide copies of any of the filings or rulings.

Even if Plaintiff's allegations were meritorious, they do not rise to the level of extraordinary circumstances sufficient to override the *Younger* abstention doctrine, as he has not alleged proven harassment, prosecutions taken in bad faith, or irreparable injury. *See Perez*, 401 U.S. at 85 (setting forth the type of extraordinary circumstances sufficient to overcome *Younger* abstention).

Moreover, Plaintiff's allegations appear to be without merit. The Oklahoma waiver statute he cites "precludes defendants from raising in an application for post-conviction relief any claim that could have been raised on . . . a prior application for post-conviction relief." *Barnett v. Sharp*, No. 23-CV-0556, 2026 WL 1893906, at *7 (N.D. Okla. July 1, 2026) (referencing Okla. Stat. tit. 22, §§ 1080-89); *accord Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015) ("Oklahoma requires a post-conviction relief applicant to raise all grounds for relief which he actually knows or should have known through the exercise of due diligence in his original application for relief."). Plaintiff argues the state courts misinterpreted his 1988 request for transcripts as an application for post-conviction relief.

Doc. 6 at 2. He asserts this mistake led the state courts to wrongly deny his 1996 application for post-conviction relief as a second application. *Id.* Plaintiff claims his 1996 application was his first, not his second, application for post-conviction relief. *Id.* at 2-3. But a review of the state court dockets indicates he filed an application for post-conviction relief in 1990.[2] As such, Plaintiff has not shown the state courts misapplied § 1086 or erroneously denied his 1996 application as a second application for post-conviction relief.

**2. *Heck***

Further, Plaintiff has not alleged the very narrow exception to *Heck*'s bar as a plaintiff who "has no available remedy in habeas, through no lack of diligence on his part," *Cohen*, 621 F.3d at 1317. Doc. 6. And as Plaintiff remains in custody, the undersigned can discern no possibility for such allegation. *See, e.g., Cohen*, 621 F.3d at 1317 (explaining that a petitioner released from custody has no available remedy in habeas); *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 516 (10th Cir. 2011) (explaining that "a prisoner need not be incarcerated to satisfy the custody requirement," but "must still at least be subject to restraints and conditions that significantly restrain his liberty before a habeas remedy is available to him" (citation modified)).

---

[2] The state court dockets available at www.oscn.net are more robust for more recent cases. For Plaintiff's 1990 application for post-conviction relief before the Oklahoma Court of Criminal Appeals, No. PC-1990-832, no documents are available for the Court's review. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-1990-832&cmid=25828 (last visited Aug. 7, 2026). The docket indicates Plaintiff sought post-conviction relief for his conviction in the District Court of Garvin County for First-Degree Rape in case number CRF-1978-285. Petitioner was convicted of First-Degree Rape in case number CRF-1979-285 in the District Court of Garvin County, and the undersigned presumes the reference to 1978 is a scrivener's error.

### D. Conclusion

The undersigned recommends that the Court abstain from exercising jurisdiction under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The undersigned alternatively recommends that the Court dismiss the Complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not established that the *Younger* abstention doctrine and *Heck v. Humphrey* do not apply to his Complaint and, consequently, he has not shown his requested relief can be granted by this Court. Accordingly, the undersigned recommends dismissing the action without prejudice.

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **August 28, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 7th day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE